

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 13, 1968

Hon. Burton G. Hackney                    Opinion No. M-200
Commissioner
State Department of Public Welfare        Re:  Medical assistance pay-
John H. Reagan Building                        ments for public assistance
Austin, Texas                                  by State Department of
                                               Public Welfare.

Dear Mr. Hackney:

        In your letter of February 1, 1968, you call our atten-
tion to the fact that since the issuance of our Opinion No. M-173,
that the Congress of the United States has enacted H. R. 12080,
which is Public Law 90-248, becoming effective January 2, 1968,
and that our Opinion is therefore moot.

        We agree with your statement that Opinion No. M-173, is
now moot, and it is hereby being withdrawn.

        You have asked as to whether or not, under existing State
and Federal statutes, you have the authority to make payments for
medical assistance on behalf of such recipients (OAA, AB, APTD, and
AFDC) to the recipients of the service or only to the provider of
the services.

        Section 51a of Article III of the Texas Constitution reads,
in part, as follows:

        "  . . .

        "The Legislature shall have authority to
    enact appropriate legislation which will enable
    the State of Texas to cooperate with the Govern-
    ment of the United States in providing assistance
    to and/or medical care on behalf of needy persons,
    and in providing rehabilitation and any other
    services included in the Federal legislation pro-
    viding matching funds to help such families and
    individuals attain or retain capability for in-
    dependence or self-care, and to accept and expend
    funds from the Government of the United States for

-961-

such purposes in accordance with the laws of the United States as they now are or as they may hereafter be amended, and to make appropriations out of State funds for such purposes; provided that the maximum amount paid out of State funds to or on behalf of any individual recipient shall not exceed the amount that is matchable out of Federal funds; provided that the total amount of such assistance payments and/or medical assistance payments out of State funds on behalf of such recipients shall not exceed the amount that is matchable out of Federal funds; provided that if the limitations and restrictions herein contained are found to be in conflict with the provisions of appropriate Federal statutes as they now are or as they may be amended, to the extent that Federal matching money is not available to the State for these purposes, then and in that event the Legislature is specifically authorized and empowered to prescribe such limitations and restrictions and enact such laws as may be necessary in order that such Federal matching money will be available for assistance and/or medical care for or on behalf of needy persons; and provided further that the total amount of money to be expended per fiscal year out of State funds for assistance payments only to recipients of Old Age Assistance, Aid to the Permanently and Totally Disabled, Aid to the Blind, and Aid to Families with Dependent Children shall never exceed Sixty Million Dollars ($60,000,000)." (Emphasis added.)

In your original request you submitted the same question as above quoted, except in your original request the question was predicated "on the assumption that there is no Federal barrier, either in law or Federal rules and regulations." In answering your original request, we therefore assumed that the Federal Social Security Act did not require medical assistance payments to be vendor payments to the providers of medical services. You now inform us that the Federal Government, by rules and regulations, made in pursuance to the Federal Social Security Act, requires medical assistance payments to be vendor payments to the providers of medical services. You also state in your letter that your department has construed Section 51a of Article III of the Texas Constitution to require medical assistance payments to be vendor payments only, as the wording, "on behalf of needy persons" as used in our Constitution parallels the language used in the Federal Social Security Act.

Hon. Burton G. Hackney, page 3 (M-200)

The Texas Legislature which submitted Section 51a of Article III, in enacting enabling legislation pursuant thereto, has also construed our Constitution to require medical assistance payments to be made to the vendors of such services, as reflected by S.B. No. 79, 57th Leg., and by S.B. No. 2 and S.B. No. 454, 60th Leg. S.B. No. 79, Acts 57th Leg., R.S. 1961, Ch. 380, p. 858, states in part:

"Section 1. The following definitions shall apply to words and terms used in this Act:

"(a) The term 'Medical Assistance' means monetary assistance paid to a vendor of medical services and/or vendor of hospital services or a vendor of nursing care rendered on behalf of a recipient of public assistance. 'Medical Assistance' shall be in addition to and separate from the grants of public assistance made payable directly to the recipients." (Emphasis added.)

S.B. No. 454, Acts 60th Leg., R.S. 1967, Ch. 348, p. 822, contains the following statement:

". . .and payments to vendors of Medical Assistance on behalf of such recipients, . . . " (Emphasis added).

Your construction of Section 51a of Article III, together with the legislative construction thereof, as shown by the quoted portions of S.B. No. 79, S.B. No. 2 and S.B. No. 454 are both entitled to great weight. 12 Tex.Jur.2d 366, Constitutional Law, Sec. 20.

As the Federal Social Security Act, as construed by such rules and regulations, require vendor payments for medical services, it follows that your department can only make vendor payments, as the construction of the Federal Act controls the method of payments. This is so, by virtue of the fact that the Federal matching fund, appropriated by Congress, goes into and becomes a part of the same fund for medical care.

S U M M A R Y

Construction of existing Federal statutes and present state statutes require the State Department of Public Welfare to make payments for medical assistance on behalf of recipients

(OAA, AB, APTD, and AFDC) under Title XIX in the form of vendor payments payable to the provider of services.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. V. Geppert
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Reeves
Bill Craig
Houghton Brownlee, Jr.
Sam Kelley

A. J. CARUBBI, JR.
Executive Assistant